UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MICHAEL L. HODGE | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | CASE 3:22-CV-2252 |
| | § | |
| THE BANK OF NEW YORK MELLON FKA THE BANK OF NEW YORK, AS INDENTURE TRUSTEE FOR THE NOTEHOLDERS OF THE CWABS INC., ASSET-BACKED NOTES, SERIES 2006-SD2 AND NEWREZ LLC DBA SHELLPOINT MORTGAGE SERVICING, | § § § § § § § § | |
| | § | |
| Defendants. | § | |

## PLAINTIFF'S RESPONSE TO DEFENDANTS' EMERGENCY MOTION TO DISSOLVE TEMPORARY RESTRAINING ORDER

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

Plaintiff Michael Hodge ("Plaintiff" herein) presents this Response and Brief in Opposition to Defendants' Emergency Motion to Dissolve Temporary Restraining Order ("Defendants' Motion") and respectfully shows the Court as follows:

### I.   SUMMARY

1.   Defendants assert that this Court should dissolve the temporary restraining order issued on October 4, 2022 by the Texas state court because Plaintiff cannot demonstrate a substantial likelihood of success on the merits due to claim preclusion, or res judicata. However,

res judicata does not bar Plaintiff's claims as Plaintiff's claims arose after the previous lawsuit was filed and the conduct of Defendants for which Plaintiff complains is ongoing.

## II.     BASIC FACTS

2.      Plaintiff filed a previous lawsuit on May 2, 2022 against Defendants for violation of the Real Estate Settlement Procedures Act and breach of contract based on Defendants' alleged failure to respond to a qualified written request sent to them March 30, 2022.  (See Defendants' Motion, its Exhibit 2 at paragraphs 19, 23).  Plaintiff had also filed a Plaintiff's First Amended and Application for Injunctive Relief the same day, May 2, 2022.  (See Exhibit 1).  While the operative petition for which the Court's analysis is actually the Plaintiff's First Amended Petition and not the Original Petition examined by Defendants in Defendants' Motion, Plaintiff's First Amended Petition is very similar to the Original Petition.  (Compare Defendants' Motion, its Exhibit 2 with Exhibit 1 to Plaintiff's Response).

3.      Plaintiff filed a joint stipulation of dismissal with prejudice of the previous lawsuit on September 30, 2022.  (Defendants' Motion, its Exhibit 8).  As with the previous litigation between the parties, no award of attorney fees was granted upon the dismissal of the lawsuit.

4.      Plaintiff filed a new Plaintiff's Original Petition and Application for Injunctive Relief on October 3, 2022 asserting new claims based on new facts in County Court at Law No. 2 of Dallas County, Texas under cause number CC-22-05517-B.  (See Plaintiff's Petition, Exhibit 1 to Defendants' Notice of Removal).  Defendants prepared to foreclose on Plaintiff's Property on October 4, 2022, so Plaintiff obtained a temporary restraining order precluding the foreclosure sale. (Defendants' Motion, its Exhibit 13).

5.      Defendants removed the case to this Court on October 6, 2022 and now seek to dissolve the 14-day temporary restraining order so that they can proceed with foreclosure of the Property by posting it for a November 1, 2022 sale date, instead of a December 6, 2022 sale date.

### III.    ARGUMENT AND AUTHORITIES

6.      **Res judicata does not apply to Plaintiff's claims against Defendants.** Defendants' sole basis for asserting that Plaintiff's temporary restraining order should be dissolved is based on res judicata. However, res judicata does not apply in this case, where the activity that Plaintiff complains of, improperly charging attorney fees for adverse litigation and adding them to the Plaintiff's loan balance, and charging fees for forced place insurance when Plaintiff already has insurance on the Property, is ongoing.

7.      "A substantially single course of activity may continue through the life of a first suit and beyond. The basic claim-preclusion result is clear: a new claim or cause of action is created as the conduct continues." 18 Wright & Miller, Federal Practice & Procedure § 4409 (3d ed.) (citing *Lawlor v. National Screen Service Corp.*, 349 U.S. 322, 327–329 (1955) ). "[A] party who sues a tortfeasor is ordinarily not barred by a prior judgment from seeking relief for discrete tortious action by the same tortfeasor that occurs subsequent to the original action." *Aspex Eyewear, Inc. v. Marchon Eyewear, Inc.*, 672 F.3d 1335, 1342 (Fed. Cir. 2012); see also *Lawlor,* 349 U.S. at 328 (noting that a prior judgment "cannot be given the effect of extinguishing claims which did not even then exist and which could not possibly have been sued upon in the previous case"). "The Fifth Circuit has "held that 'subsequent wrongs' by a defendant constitute new causes of action" for res judicata purposes in cases where the subsequent wrongs "occurred either after the plaintiffs had filed their prior lawsuit or after the district court had entered judgment in the

prior lawsuit.'"' *YETI Coolers, LLC v. Wal-Mart Stores, Inc.*, 2018 WL 7246691, *2 (W.D. Tex. August 29, 2018) quoting *Davis v. Dallas Area Rapid Transit*, 383 F.3d 309, 314 (5th Cir. 2004).

8.  Plaintiff's previous lawsuit did not deal with actual charges and whether they were proper or not. The previous lawsuit was based on the failure of Defendants to actually and timely provide a proper accounting of Plaintiff's loan to Plaintiff when requested. The current lawsuit is based on the actual charges to Plaintiff's loan that Defendant now says Plaintiff is liable. Those charges are on ongoing, existing now past the date on which Plaintiff had filed his previous lawsuit and the date Plaintiff had dismissed his previous lawsuit. As such, they are not barred by res judicata. *Davis*, 383 F.3d at 314.

9.  **Substantial likelihood on the merits.** The likelihood of the merits of Plaintiff's lawsuit are also clear on the face of Plaintiff's Petition. Pursuant to Texas law, "a party may recover its attorneys' fees when it is authorized to do so by statute or when the parties' contract so provides." *AU Pharm., Inc. v. Boston*, 986 S.W.2d 331 (Tex.App.-Texarkana 1999, no writ)). The Texas Supreme Court addressed language contained in a Deed of Trust and found that in an action by a borrower against a lender for declaratory judgment, fraud, and Texas statutory violations, the attorney fees sought to be recovered by lender did not fall within the scope of the attorney fee provision of the deed of trust as additional debt of the borrower secured by the deed of trust. *Wells Fargo Bank NA v. Murphy*, 458 S.W.3d 912, 915 (Tex.2015). Defendants' ongoing conduct of charging litigation fees to Plaintiff's loan is a violation of Texas law and a breach of the contract between the parties. Therefore, Plaintiff has a substantial likelihood of success on the merits, and the restraining order should not be dissolved.

## IV.     CONCLUSION & PRAYER

Plaintiff obtained a temporary restraining order in Texas state court. The restraining order expires on its own accord on October 18, 2022. Plaintiff has a substantial likelihood on the merits of his claims against Defendants that are not barred by res judicata. Defendants request for relief in its motion are not warranted. Therefore, Plaintiff respectfully prays that the Court deny Defendants' request for relief, and not dissolve the temporary restraining order.

Respectfully submitted,

/s/ Jason A. LeBoeuf
Jason A. LeBoeuf
Texas Bar Number 24032662
Email: jason@leboeuflawfirm.com
LEBOEUF LAW FIRM, PLLC
675 Town Square Blvd., Suite 200
Building 1A
Garland, Texas 75040
T: 214.206.7423
F: 214.730.5944

ATTORNEY PLAINTIFF

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing document was served upon all counsel of record via the Court's electronic filing system pursuant to the Federal Rules of Civil Procedure on this 8th day of October, 2022.

/s/ Jason A. LeBoeuf
Counsel for Plaintiff