UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MICHAEL L. HODGE, | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | |
| | § | Civil Action No. 22-cv-02252-X-BT |
| THE BANK OF NEW YORK MELLON, et al., | § | |
| | § | |
| | § | |
| *Defendants.* | § | |

# ORDER

Before the Court is the defendants' *Emergency Motion to Dissolve Temporary Restraining Order* [Doc. No. 3]. For the reasons explained below, the Court **GRANTS** the motion to dissolve the temporary restraining order ("TRO").

Michael Hodge has sued the defendants (collectively, "the Bank") four times to stop the foreclosure sale of a property at 1014 Wind Ridge Drive, Duncanville, Texas 75137. In this fourth suit, Hodge succeeded in obtaining a TRO from the Texas state court. The Bank removed to this Court and moved to dissolve the TRO.

When a party removes a case to federal court, any previous state-court TRO in that action "shall remain in full force . . . until dissolved . . . by the district court."[1] If a defendant moves to dissolve a state-court TRO, the plaintiff "must demonstrate a substantial likelihood of success on the merits" to prevail.[2]

---

[1] 28 U.S.C. § 1450.

[2] *OSR Patent LLC v. Siragusa*, No. 4:18-CV-774-ALM-KPJ, 2018 WL 10436624, at *2 (E.D. Tex. Nov. 21, 2018); *see also* Fed. R. Civ. P. 65(b)(4).

1

This Court will uphold a TRO only if a plaintiff can "establish [1] that he is likely to succeed on the merits, [2] that he is likely to suffer irreparable harm in the absence of preliminary relief, [3] that the balance of equities tips in his favor, and [4] that an injunction is in the public interest."[3] "[I]f a party fails to meet *any* of the four requirements, the court cannot grant the TRO . . . ."[4]

The Bank argues that res judicata bars Hodge's claims because after Hodge voluntarily dismissed his prior claims against the Bank and asserted that he "no longer desires to pursue his causes of action against defendants at this time," he nonetheless sued them again, on the next business day, asserting—what the Bank argues to be—the same claims.[5] Although this Court does not reject the Bank's res-judicata argument,[6] the Court chooses to decide this motion on the third TRO factor.

Hodge fails to demonstrate that the balance of equities tips in his favor. Specifically, Hodge has filed four lawsuits seeking to prevent the Bank from foreclosing on the property. His naked attempts at judge shopping evince unclean hands—a doctrine that "defeat[s] an undeserving plaintiff's claim for equitable relief."[7] More specifically, a litigant has unclean hands where he is "tainted with

---

[3] *Tex. Midstream Gas Services, LLC v. City of Grand Prairie*, 608 F.3d 200, 206 (5th Cir. 2010).

[4] *Greer's Ranch Cafe v. Guzman*, 540 F. Supp. 3d 638, 645 (N.D. Tex. 2021) (O'Connor, J.).

[5] Doc. No. 3 at 3–4.

[6] *See Derr v. Swarek*, 766 F.3d 430, 441 (5th Cir. 2014) ("If the plaintiff chooses to extinguish his rights forever he is entitled to do so, and the defendant will reap the benefit of a res judicata bar to any attempt by the plaintiff to re-litigate the dismissed claims.").

[7] *Positive Black Talk Inc. v. Cash Money Records, Inc.*, 394 F.3d 357, 379 (5th Cir. 2004); *see also Lassiter v. City of Philadelphia*, 716 F.3d 53, 57 (3d Cir. 2013) ("[J]udges have the power to *sua sponte* raise equitable defenses like the doctrine of unclean hands.").

inequitableness or bad faith relative to the matter in which he seeks relief."[8]  With unclean hands from his attempts at judge shopping, Hodge cannot demonstrate that the balance of equities warrant any form of injunctive relief.  The Court will not uphold the TRO.

This Court **GRANTS** the Bank's motion and **DISSOLVES** the TRO.

**IT IS SO ORDERED** this 11th day of October, 2022.

_____
BRANTLEY STARR
UNITED STATES DISTRICT JUDGE

---

[8] *Precision Instrument Mfg. Co. v. Auto. Maint. Mach. Co.,* 324 U.S. 806, 814 (1945).